E-FILED
Wednesday, 07 August, 2019 03:04:28 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 19-1182 |
| v. | ) |
| | ) |
| CHERYL HANSON, *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **ORDER**

The plaintiff, proceeding *pro se*, and currently incarcerated at Pontiac Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the amended complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

Plaintiff seeks leave to proceed *in forma pauperis*. (Doc. 3). Title 28 U.S.C. § 1915(g) provides that:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g). Plaintiff has, on three or more occasions, accumulated strikes under Section 1915(g). *See Jones v. French*, No. 13-CV-1556, ECF No. 6, fn 1 (C.D. Ill., filed Nov. 22, 2013) (listing Plaintiff's three strikes).

Accordingly, Plaintiff may only proceed only if he alleges he is under imminent danger of serious physical injury. The imminent danger inquiry is two-pronged. The first prong is construed narrowly to include genuine emergencies where "time is pressing" and a "threat . . . is real and proximate." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Furthermore, the harm must be occurring "at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). The second prong, danger, must be of "serious physical injury." 28 U.S.C. § 1915(g); *Fletcher v. Deathridge*, 2008 WL 4724173, at *2 (C.D. Ill. Oct. 23, 2008).

Plaintiff alleges that prison medical staff has adjusted the dosage and type of pain medication he receives several times since January 2019 in response to his complaints that the medications and physical therapy did not fully eliminate pain in his shoulders, arms, and hips. Plaintiff alleges that he has been prescribed Tylenol, meloxicam, Kappra, and diclofenac, separately or in various combinations, throughout this time period, but that Defendant Tilden, the prison doctor, denied Plaintiff's requests for narcotic pain killers in May 2019. Plaintiff does not provide any information regarding the underlying medical conditions that cause the pain he alleges.

Plaintiff also alleges that he suffers from an unspecified dental condition for which he has been referred to a specialist, that he suffers from an ingrown toenail, and that he has a mental health condition that causes him to self-mutilate. Plaintiff's mental health treatment is currently being litigated in another case. *See Jones v. Kennedy*, No. 18-1295 (C.D. Ill.).

Plaintiff's allegations suggest that medical staff is addressing his physical ailments, though maybe not in the manner Plaintiff prefers. At any rate, Plaintiff's allegations, without more information regarding the underlying conditions, do not permit an inference that Plaintiff is under an imminent risk of serious physical injury. Accordingly, the Court finds that Plaintiff has not satisfied the imminent danger requirement.

Plaintiff's motion for leave to proceed in forma pauperis is denied. Plaintiff may renew his motion for IFP within the deadlines set forth below, but he must also file an amended complaint that provides more information about his underlying medical conditions, the treatment he has been receiving, and whether he has been sent to the outside specialist.

**It is therefore ordered:**

1.  Plaintiff's motion for leave to proceed in forma pauperis [3] is denied. Plaintiff shall, within 21 days of this Order, pay the $400.00 filing fee in full; or, renew his motion for leave to proceed in forma pauperis. If Plaintiff renews his IFP motion, he must also submit an amended complaint that provides the information discussed above. Failure to do so will result in dismissal of this case without prejudice.

2.  Clerk is directed to send Plaintiff a blank complaint form and a blank IFP form.

Entered this 7th day of August, 2019.

/s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE